UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPRIUS, INC.,<br>Plaintiff,<br>v.<br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br>Defendant. | Case No. 1:25-cv-01417-JLT-CDB<br>ORDER ON SECOND STIPULATION AMENDING SCHEDULING ORDER AS MODIFIED<br>(Docs. 7, 11, 12) |

**Background**

Plaintiff Reprius, Inc. ("Plaintiff") initiated this action with the filing of a complaint in state court on July 28, 2025. (Doc. 1-2). Defendant Nationwide Insurance Company of America removed the action on October 23, 2025. (Doc. 1).

On January 28, 2026, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 7). On June 25, 2026, the Court granted the parties' first stipulated request to amend the scheduling order as modified. (Doc. 11).

Pending before the Court is the parties' second stipulated request for amendment of the scheduling order to continue non-expert discovery, expert discovery, and expert disclosure dates and deadlines, filed on September 9, 2026. (Doc. 12). Although the parties have exchanged written discovery materials (*id.* ¶ 2), it is apparent that they have not undertaken certain depositions they previously raised as a basis for the Court's grant of their earlier request for modification of the

scheduling order (*see* Docs. 10, 11). The parties represent that counsel have met and conferred regarding the need for Plaintiff to complete its amended Fire Damage Inventory to include respective dates of acquisition, and counsel for Plaintiff has agreed to provide that information to the extent it can be determined by Plaintiff as most of Plaintiff's physical records were destroyed in the subject fire. *Id.* ¶¶ 4, 5. The parties provide that Defendant intends to depose Plaintiff's "person most knowledgeable" (presumably a reference to a deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6)) as pertaining to the "outstanding/disputed items of Plaintiff's claim for insurance benefits once it is in receipt of Plaintiff's supplemental discovery responses and document production," after which Defendant "intends to file a summary judgment motion." *Id.* ¶ 6. The parties assert that Plaintiff intends to depose Defendant's person most knowledgeable. *Id.* ¶ 7.

Separately, the parties believe this matter can be resolved short of a trial and have scheduled a private mediation with the Honorable Paul Burdick to take place on December 15, 2026. *Id.* ¶ 8. The parties seek to continue the requested dates to allow Plaintiff sufficient time to produce the missing acquisition date information so that Defendant can complete its coverage investigation and determination and allow the parties to engage in mediation before party depositions, expert disclosures and expert depositions take place. *Id.* ¶ 9. The parties attach the declaration of counsel for Defendant Nicole Hampton setting forth the same. *See* (Doc. 12-1, "Hampton Decl.").

The parties request the following extensions (Doc. 12 at 5):

| **Event** | **Current Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Deadline | 09/30/2026 | 01/29/2027 |
| Expert Disclosure Deadline | 10/14/2026 | 02/12/2027 |
| Expert Discovery Deadline | 10/28/2026 | 02/26/2027 |

**<u>Discussion</u>**

Here, although the Court acknowledges based on the parties' representations that Plaintiff's apparent newfound claim to additional benefits under the relevant policies requires it provide Defendant certain information that is complicated by the fact that unidentified but reportedly relevant records were destroyed in a fire (*see* (Doc. 12 at ¶¶ 4-5); Hampton Decl. ¶¶ 5-7), it is unclear to the Court how or why the parties require such a significant additional expansion of

discovery deadlines by four months, except perhaps to accommodate the parties' desire to attend mediation on December 15, 2026. The parties provide no details about how long the parties estimate it will take Plaintiff to collect and provide Defendant with the dates it needs to complete its coverage investigation or how long that investigation will take.

Because the parties have not demonstrated sufficient good cause to grant the extensions requested, the Court will grant limited relief to the following extent: all non-expert discovery shall be completed before the parties' private mediation set for December 15, 2026, with in-kind extensions of all other case management dates as set forth below.

In light of the significant expansions of discovery and pretrial motion deadlines granted to date, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED that the operative scheduling order (Docs. 7, 11) is amended as modified as follows:

| Event | Current Date | Amended Date |
|---|---|---|
| 1. Non-Expert Discovery Deadline | 09/30/2026 | 12/14/2026 |
| 2. Expert Disclosure Deadline | 10/14/2026 | 01/11/2027 |
| 3. Rebuttal Disclosure Deadline | 10/21/2026 | 01/28/2027 |
| 4. Expert Discovery Deadline | 10/28/2026 | 01/25/2027 |
| 5. Non-Dispositive Motion Filing Deadline | 11/10/2026 | 02/08/2027 |
| 6. Non-Dispositive Motion Hearing Deadline | 12/15/2026 | 03/15/2027 |
| 7. Dispositive Motion Filing Deadline | 12/28/2026 | 04/12/2027 |
| 8. Dispositive Motion Hearing Deadline | 02/11/2027 | 05/24/2027 |
| 9. Pretrial Conference | 04/12/2027 | 07/26/2027 |
| 10. Jury Trial | 06/08/2027 | 09/21/2027 |

All other provisions of the operative scheduling order (Docs. 7, 11) and existing case

management dates not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE